## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| ANDY SIMS, | ) |
| | ) |
|     Plaintiff, | )    Case No.: |
| | ) |
| v. | ) |
| | ) |
| BLUE LINE PROTECTION | ) |
| GROUP, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Andy Sims brings this case against Defendant Blue Line Protection Group, Inc. seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Andy Sims is an adult resident of Strasburg, Colorado. Mr. Sims worked for Defendant as a security officer. Plaintiff was not paid overtime compensation for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

1

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant is a security and protection services company headquartered in Colorado. Defendant provides armed security, secure transportation and currency processing and vaulting to individuals, businesses and government entities in Colorado.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during his employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

11. Defendant did not pay Plainitff overtime compensation for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

12. From approximately November 2016 until June 2018, Plaintiff worked for Defendant as a security officer.

13. At all relevant times, Plaintiff was not paid compensation, including overtime compensation for hours he worked over 40 in a workweek.

2

14. Plaintiff routinely worked in excess of 40, and often in excess of 50, hours per workweek.

15. Defendant tracked Plaintiff's hours worked by requiring him to clock in and out using an electronic time tracking system.

16. Through its unlawful actions, Defendant has deprived Plaintiff of wages, including overtime wages, owed to him.

17. Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek. Defendant knew or should have known that Plaintiff should have been paid overtime compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation for hours worked over 40 in a workweek violates the Fair Labor Standards Act, 29 U.S.C. § 207.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Attorneys' fees and costs;

D. Pre- and post-interest; and

E. Any other relief to which Plaintiff may be entitled.

Dated: August 27, 2018					Respectfully submitted,

*/s/ Tamra Givens*
Tamra Givens, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com
*Attorney for Plaintiff*

4